UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHRISTOPHER SMITH,                    )
                                      )
            Plaintiff,                )
                                      )        No. 3:23-CV-201-TRM-JEM
v.                                    )
                                      )
YASSIN'S FALAFEL HOUSE,               )
                                      )
            Defendant.                )

**ORDER & REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 2] and the Application to Proceed In Forma Pauperis With Supporting Documentation [Doc. 1]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation [**Doc. 1**] and **RECOMMENDS** that the United States Chief District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

I.    **DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and no assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.   RECOMMENDATION AFTER SCREENING OF COMPLAINT

As part of assessing an application to proceed in forma pauperis, the Court is required to screen complaints pursuant to 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A court is required to "dismiss the case at any time if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings

filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.     Summary of the Complaint

Plaintiff alleges that on June 12, 2023, he visited Yassin's Falafel House where he "attempted to dine-in" [Doc. 2 pp. 3–4]. Upon arrival, he noticed that the only way to enter was to walk up steps [*Id*. at 4]. There were no signs indicating a handicap accessible entrance [*Id*.]. According to Plaintiff, the failure to have a wheelchair accessible entrance violates the Americans with Disabilities Act ("ADA"). Plaintiff requests that the Court order Defendant to install a handicap entrance [*Id*. at 5].

### B.     Screening of the Complaint

Title III of the ADA prohibits discrimination on the basis of disability in public accommodations. 42 U.S.C. § 12182(a). Under the ADA, a disabled person shall not be deprived of "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" based on his disability. *Id.* In order to state a claim under Title III, the plaintiff must allege (1) he or she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Mortland v. Loc. Cantina Dublin LLC*, No. 2:19-CV-01123, 2021 WL 3033355, at *4 (S.D. Ohio July 19, 2021) (citation omitted).

"The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Reynolds v. Talberg*, No. 1:18-CV-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020) (citation omitted). This means that the court can only hear cases that are justiciable, and "[a] critical component of justiciability is standing." *Id*. (citation omitted); *see also Mitchell v. BMI*

3

*Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citations omitted)). In order to have standing, a plaintiff's injury must be (1) "concrete and particularized," and (2) "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). In other words, a "generalized grievance" is not sufficient. *Reynolds*, 2020 WL 6375396, at *2.

When the plaintiff requests injunctive relief, he must show "past injury and a real and immediate threat of future injury." *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013)). "[A] plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 580 (6th Cir. 2014) (citations omitted).

As explained in the Order to Show Cause, Plaintiff's Complaint does not sufficiently allege a claim under the ADA, nor has he established standing to sue under the ADA [Doc. 7 pp. 3–4].[1] The undersigned therefore ordered Plaintiff to show cause on or before July 17, 2023, why this case should not be dismissed for these deficiencies. She also informed Plaintiff that, to the extent Plaintiff desires to pursue his claims, Plaintiff had to file an amended complaint on or before July 18, 2023. Plaintiff did not do so, and he was placed on notice that the failure to timely file an

---

[1]     For example, in the Order to Show Cause, the Court explained that Plaintiff "does not allege that (1) he is disabled within the meaning of the ADA, (2) he was denied the full and equal enjoyment of the property, or (3) that he will experience a real and immediate threat of future injury" [Doc. 7 p. 3]. The Court further explained that it is his "burden to set forth all of the elements for his claim" [*Id.*].

4

amended complaint or state a claim in the amended complaint may result in the dismissal of his claims.

## III.   CONCLUSION

For the reasons explained above and in the Order to Show Cause [Doc. 7], the undersigned **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis with Supporting Documentation [**Doc. 1**][2] and **RECOMMENDS**[3] that the Chief District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[2]    This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3]    Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

5